UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FRANCISCO BERNAL BERNAL,

                Petitioner,

    v.

JULIO HERNANDEZ, et al.,

                Respondent.

Case No. 2:26-cv-01212-TLF

ORDER GRANTING PETION FOR HABEAS CORPUS

**DISCUSSION**

**A.    Subject Matter Jurisdiction**

Under 8 U.S.C. § 1226(e), "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."

But § 1226(e) does not bar "habeas jurisdiction over constitutional claims or questions of law." *Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017) (quoting *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011)); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022).

In petitioner's prior habeas case, a federal court ordered the government to provide a bond hearing under 8 U.S.C. § 1226(a). Dkt. 3-4 at 9, Judge Cartwright Order. Petitioner argues the bond hearing violated due process. Dkt. 1, Petition for Writ of Habeas Corpus, at 2-3, 24-28,35. Because the petitioner asserts that due process was

ORDER GRANTING PETION FOR HABEAS CORPUS - 1

violated in the way the bond hearing was structured and conducted, and by lack of reasoning in the Immigration Judge's ("IJ") decision, the Court has subject matter jurisdiction over petitioner's constitutional claims. *Martinez v. Clark*, 124 F.4th 775, 784-85 (9th Cir. 2024).

**B.      Exhaustion of Administrative Remedies**

In the context of habeas review under 28 U.S.C. § 2241, exhaustion of administrative remedies "is a prudential rather than jurisdictional requirement." *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks omitted).

Nevertheless, even where these factors weigh in favor of requiring exhaustion, "there are a number of exceptions to the general rule requiring exhaustion, covering situations such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (internal citation and quotation marks omitted).

As to the first factor, "[p]etitioner here raises a constitutional challenge to the adequacy of his bond hearing, which is better suited to review by the federal courts." *W.T.M. v. Bondi*, No. 2:25-CV-02428-RAJ-BAT, 2026 WL 262583, at *2 (W.D. Wash.

ORDER GRANTING PETION FOR HABEAS CORPUS - 2

Jan. 30, 2026) (citing *Scott v. Wamsley*, No. 2:25-CV-1819, 2025 WL 3514304, at *4 (W.D. Wash. Dec. 8, 2025), *reconsideration denied*, No. 2:25-CV-1819, 2026 WL 83971 (W.D. Wash. Jan. 12, 2026) (finding that due process and statutory challenge to continued detention is "fundamentally a question of law")). The first *Puga* factor weighs against requiring prudential exhaustion.

With respect to the second factor, although relaxation of prudential exhaustion may, to some extent, encourage others to bypass the administrative appellate procedures, the petitioner raises specific constitutional challenges to the IJ's application of the burden of proof and failure to consider alternatives to detention in determining flight risk, and a decision would likely "be beneficial to provide the specific immigration court, which regularly handles bond hearings, with guidance on the types of circumstances that may lead to a finding of constitutional deficiency." *Soriano v. Hernandez*, No. 2:26-CV-00900-DGE, 2026 WL 969764, at *4 (W.D. Wash. Apr. 10, 2026). Accordingly, this factor weighs neutral. *Id.*

Turning to the third factor, "the defect[s] alleged by Petitioner [are] constitutional in nature, and it is unlikely that appeal to the BIA will permit the agency to correct a factual or evidentiary oversight by the IJ." *W.T.M.*, 2026 WL 262583, at *3. The third *Puga* factor weighs against requiring prudential exhaustion.

And even if the above factors weighed in favor of requiring exhaustion, the Court finds waiver is appropriate under *Laing*. 370 F.3d 994 at 999-1001. Here, petitioner has presented individualized evidence related to his ties to the community in the Portland, Oregon area and he has shown irreparable injury because family members submitted evidence showing specific mental health crises and financial burdens caused by

ORDER GRANTING PETION FOR HABEAS CORPUS - 3

petitioner's detention. Dkt. 3-6. This evidence supports a finding that his continued detention, for a potentially lengthy period of time, pending further immigration court proceedings would create a risk of irreparable harm. *See id*.; *Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017); *W.T.M.*, 2026 WL 262583, at *3.

And finally, petitioner "ultimately raises a constitutional challenge in his habeas petition, an area over which the Immigration Court and the BIA lack any authority to adjudicate, thereby rendering appeal to those bodies futile." *Garcia v. Hyde*, No. 25-CV-585-JJM-PAS, 2025 WL 3466312, at *7 (D.R.I. Dec. 3, 2025) (citing *Matter of Cruz de Ortiz*, 25 I&N Dec. 601, 605 (BIA 2011) ("[N]either we nor the Immigration Judges have authority to rule on the constitutionality of the statutes we administer."); *see also Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 238 (W.D.N.Y. Jan. 16, 2019) (waiving exhaustion requirement because "the BIA does not have jurisdiction to adjudicate constitutional issues").

The Court declines to require petitioner to exhaust his administrative remedies prior to pursuing this action.

**C.     Due Process/Abuse of Discretion**

The Court will not recite a separate statement of facts, but relevant facts will be discussed in this due process analysis. Petitioner argues that the bond hearing violated due process. According to the Ninth Circuit's opinion in *Martinez v. Clark*, 124 F.4th 775, 784-85 (9th Cir. 2024), the standard of review is abuse of discretion.

The petitioner submitted the transcript of the bond hearing, the documents filed in support of petitioner's application for bond, and a written decision of the IJ to this Court. Dkt. 3-6, 3-10, 3-12.

ORDER GRANTING PETION FOR HABEAS CORPUS - 4

Petitioner contends the IJ failed to apply the clear and convincing standard, failed to provide a meaningful individualized determination, and failed to consider how alternatives to detention impacted the flight risk determination. *See generally* Dkt. 1.

Procedural due process is a claim with two elements: first, that the respondent deprived petitioner of a constitutionally protected liberty or property interest, and second, that petitioner was denied adequate procedural protections. *Brewster v. Bd. Of Educ. Of Lynwood Unified Sch. Dist.,* 149 F.3d 971, 982 (9th Cir. 1998). "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores,* 507 U.S. 292, 306 (1993). And freedom from detention or other forms of physical restraint is at the core of the liberty interest that due process protects. *Zadvydas v. Davis,* 533 U.S. 678, 693 (2001).

If detention is "part of the means necessary to give effect to the provisions for the exclusion or expulsion of [noncitizens]", it is valid under due process and not punitive. *Wong Wing v. United States,* 163 U.S. 228, 235 (1896). This is because "[p]roceedings to exclude or expel would be vain if those accused could not be held in custody pending the inquiry into their true character, and while arrangements were being made for their deportation." *Id.*

Immigration detention is civil, not criminal, and it "is permissible only to prevent flight or reduce the risk of danger to the community." *Meneses v. Santacruz,* 811 F. Supp. 3d 1158, 1164 (C.D. Cal. 2025) (citing *Zadvydas,* 533 U.S. at 690-691).

Due process demands "the nature and duration" of detention must "bear some reasonable relation to the purpose for which the individual is" being deprived of their freedom. *Jackson v. Indiana,* 406 U.S. 715, 738 (1972). Substantive due process is a

claim that involves whether the government has arbitrarily deprived an individual of their liberty. *Brittain v. Hansen,* 451 F.3d 982, 991 (9th Cir. 2006).

A standard of proof higher than preponderance of the evidence has been applied by the U.S. Supreme Court for various types of civil detention because an individual's liberty is at stake. *See Foucha v. Louisiana,* 504 U.S. 71, 80 (1992), *Addington v. Texas,* 441 U.S. 418, 423 (1979). "[W]hen a party stands to lose his liberty, even temporarily, we hold the Government to a higher burden of proof." *German Santos v. Warden Pike County Corr. Facility,* 965 F.3d 203, 213 (3rd Cir. 2020) (holding government must justify continued detention under 8 U.S.C. § 1226(c) by clear and convincing evidence). And it would be "improper to allocate the risk of error evenly between the individual and the Government when the potential injury is as significant as the individual's liberty." *Valasco Lopez v. Decker,* 978 F.3d 842, 856-57 (2d Cir. 2020).

In this case, Mr. Bernal has been detained since November 8, 2025 -- more than seven months. His detention has become "prolonged". *See Singh v. Holder,* 638 F.3d 1196 (9th Cir. 2011) (holding that a noncitizen detained under § 1226(c) must receive a hearing in which the government is required to prove by clear and convincing evidence that flight risk or danger to the community justifies continued detention); *see also Rodriguez Diaz v. Garland,* 53 F.4th 1189, 1211-14 (9th Cir. 2022) (distinguishing *Singh v. Holder,* and deciding that due process does not, under all circumstances, require the government to carry the burden of proof by clear and convincing evidence in a detention hearing under § 1226(a)).

The "clear and convincing evidence standard" has been defined as the standard of proof that "indicat[es] that the thing to be proved is highly probable or reasonably

ORDER GRANTING PETION FOR HABEAS CORPUS - 6

certain." *United States v. Jordan*, 256 F.3d 922, 930 (9th Cir. 2001), *overruled on other grounds by United States v. Lucas*, 101 F.4th 1158 (9th Cir. 2024) (quoting Black's Law Dictionary 577 (7th ed.1999)). "The 'clear and convincing' standard requires the Government to present evidence to establish 'an abiding conviction that the truth of [the] factual contentions at issue is highly probable.'" *N.A. v. Warden, Adelanto Det. Facility*, No. 5:25-CV-03007-CV-MBK, 2026 WL 734587, at *7 (C.D. Cal. Feb. 20, 2026), *report and recommendation adopted*, No. 5:25-CV-03007-CV-MBK, 2026 WL 734585 (C.D. Cal. Mar. 12, 2026) (quoting *Mondaca-Vega v. Lynch*, 808 F.3d 413, 422 (9th Cir. 2015) (en banc). This is a is "a high burden and must be demonstrated in fact, not 'in theory.'" *Obregon v. Sessions*, No. 17-cv-01463-WHO, 2017 WL 1407889, at *7 (N.D. Cal. Apr. 20, 2017) (quoting *United States v. Patriarca*, 948 F.2d 789, 792 (1st Cir. 1991)); *see also Perez v. Wolf*, 445 F. Supp. 3d 275, 287 (N.D. Cal. 2020) (collecting cases applying the "high standard" of "clear and convincing" evidence).

"When examining any evidentiary proceeding and the adjudicator's opinion, there are at least two ways to challenge whether the adjudicator applied the correct standard of proof." *Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 240 (W.D.N.Y. Jan. 16, 2019). "First, a challenge may be based on the contention that the decisionmaker erred because the evidence itself could not—as a matter of law—have supported the adjudicator's conclusion." *Id.* "Second, it may be clear from the adjudicator's opinion itself that [they] simply did not apply the correct standard to the facts." *Id.*

"[T]he IJ's mere recitation of the applicable legal standard is not enough when the IJ's decision makes it clear ... that the IJ did not actually apply the standard in [their] reasoning and decision." *Ramos-Portillo v. McAleenan*, No. 18-cv-0260-MWF-SS, 2019

ORDER GRANTING PETION FOR HABEAS CORPUS - 7

WL 3246499, at *1 (C.D. Cal. July 19, 2019). "It is the application of the clear-and-convincing standard, not its recitation, that matters." *Id.*; *see also Nat. Res. Def. Council, Inc. v. Pritzker*, 828 F.3d 1125, 1135 (9th Cir. 2016) ("An agency acts contrary to the law when it gives mere lip service or verbal commendation of a standard but then fails to abide the standard in its reasoning and decision.").

"When determining whether a noncitizen is a danger to the community or risk of flight, an IJ weighs nine factors, pursuant to BIA precedent." *K.G.M.Q. v. Bondi*, No. 2:26-CV-00506-TL, 2026 WL 962609, at *11 (W.D. Wash. Apr. 9, 2026) (citing *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006) and *Martinez*, 124 F.4th at 783). The factors the IJ "may" consider "include any or all of the following;"

> (1) whether the [noncitizen] has a fixed address in the United States; (2) the [noncitizen]'s length of residence in the United States; (3) the [noncitizen]'s family ties in the United States, and whether they may entitle the [noncitizen] to reside permanently in the United States in the future; (4) the [noncitizen]'s employment history; (5) the [noncitizen]'s record of appearance in court; (6) the [noncitizen]'s criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the [noncitizen]'s history of immigration violations; (8) any attempts by the [noncitizen] to flee prosecution or otherwise escape from authorities; and (9) the [noncitizen]'s manner of entry to the United States.

*Martinez*, 124 F.4th at 783 (citing *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)).

The BIA directs an IJ "may also consider the likelihood that relief from removal will be granted in determining whether an alien warrants a bond" based on the rationale that a noncitizen who likely faces inevitable removal may be less likely to appear at future removal hearings. *Matter of R-A-V-P-*, 27 I. & N. Dec. 803, 805 (BIA. 2020).

But the fact of a removal order is not sufficient by itself to deny bond. *See Singh v. Holder*, 638 F.3d 1196, 1205 (9th Cir. 2011) ("[T]he only evidence the BIA cited for its affirmance of the IJ's conclusion that Singh was a flight risk was the fact—common to *all*

ORDER GRANTING PETION FOR HABEAS CORPUS - 8

detainees afforded *Casas* bond hearings—that Singh had already been ordered removed by a final, administrative order, diminishing his incentive to appear for further removal proceedings. Although this is a relevant factor in the calculus, it alone does not constitute clear and convincing evidence that Singh presented a flight risk justifying denial of bond.").

In Mr. Bernal's case, the transcript of the December 16, 2025 hearing shows the IJ considered exhibits 1 and 2, government's evidence. Dkt. 3-12 at 1; Dkt. 15, Declaration of Paul Correa ¶¶ 4-5 (describing that petitioner entered the United States "on an unknown date and time at an unknown location without being admitted or paroled", and stating that petitioner has one arrest (dated November 16, 2015) and those charges resulted in a conviction for assault in the fourth degree (conviction dated January 11, 2016), and he was sentenced to probation for two years). Also, the IJ considered exhibit 3, petitioner's evidence. Dkt. 3-12 at 1-3; Dkt. 3-6. The government argued that petitioner's conviction for assault fourth degree on his spouse, less than 10 years before, was the evidence of dangerousness. Dkt. 3-12 at 5. Petitioner did not deny the conviction or sentence, and he presented evidence to show what happened, and how he successfully completed pretrial release, and post-conviction probation. *Id*. at 2-3; Dkt. 3-6. The government also relied on his voluntary return to Mexico in 2003, acknowledging it is unclear when he returned to the United States and citing this as evidence of his willingness to ignore immigration rules. Dkt. 3-12 at 4; Dkt. 3-10. And the government argued that petitioner refused to talk to the officers to give his name and identity, initially, when he was arrested. Dkt. 3-12 at 6.

ORDER GRANTING PETION FOR HABEAS CORPUS - 9

The record here reflects the IJ abused their discretion by improperly placing the burden of proof to the petitioner to show he was not a flight risk and to prove that his release would not pose a danger to the community. The evidence presented by the Government was not sufficient as a matter of law to establish petitioner was a flight risk by clear and convincing evidence and in finding flight risk based on the record, the IJ effectively found petitioner's presentation of evidence regarding family and community ties and support and potential that his application for relief from removal would be granted, was lacking. The IJ communicated an expectation that petitioner must show he was not a flight risk, and that it was petitioner's burden to prove that his domestic violence conviction from 2016 did not show current or future dangerousness. *See N.A,* 2026 WL 1045196, at *9 -*10.

## D.    Whether the IJ Violated the Statutory Requirements of a Bond Hearing

Petitioner argues in Count Three of the habeas corpus petition that the way the IJ conducted the hearing, and the lack of legal analysis in the IJ's decision, violated Section 1226(a) and the applicable agency regulations concerning bond hearings. Dkt. 1 at 28-34. The government responds that Mr. Bernal "failed to meet his burden to establish that he is neither a danger to the community nor a flight risk" and this Court is prohibited from second-guessing the IJ's decision or re-weighing evidence presented to the IJ at the bond hearing. Dkt. 14 at 2, 9-13.

In the context of determining eligibility for asylum, a BIA decision of whether a crime is serious enough must have "a minimum degree of clarity in dispositive reasoning and in the treatment of a properly raised argument". *Delgado v. Holder,* 648 F.3d 1095, 1107 (9th Cir. 2011) (quoting *Su Hwa She v. Holder,* 629 F.3d 958, 963 (9th

ORDER GRANTING PETION FOR HABEAS CORPUS - 10

Cir. 2010). An IJ, like any trier of fact, must be responsible for "draw[ing] reasonable inferences from basic facts to ultimate facts," and take into consideration the standard of proof. *Jackson v. Virginia,* 443 U.S. 307, 319 (1979).

According to 8 U.S.C. 1226(a), a noncitizen "may be arrested and detained pending a decision on whether the alien is to be removed from the United States." The statute allows the Attorney General to "continue to detain the arrested alien" pending removal proceedings. 8 U.S.C. 1226(a)(1). The Attorney General "may release the noncitizen on – (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or (B) conditional parole. . . ." 8 U.S.C. 1226(a)(2).

This statutory claim is entwined with the due process claims. Nothing in the statute or regulations describes whether the IJ should allocate the burden of proof to the government, or provide criteria for deciding whether a particular crime is, or is not, serious in the context of future dangerousness, nor is there any indication in the statute or regulations whether risk of flight or risk of dangerousness must be shown by clear and convincing evidence. Therefore, even though this case does not fit the *Zadvydas v. Davis* category because there is not a final order of removal, the statutory detention hearing as applied in this case does not have sufficient due process safeguards and "allows for arbitrary prolonged detention without any process". *Rodriguez v. Marin,* 909 F.3d 252, 256 (9th Cir. 2018). As Mr. Bernal's case shows, an individual may be detained for many months under 8 U.S.C. § 1226(a) with no "clearly identifiable deadline by which [removal] must take place." *Welch v. Ashcroft,* 293 F.3d 213, 228 (4th Cir. 2002) (finding that even though petitioner's detention of 14 months did not violate

ORDER GRANTING PETION FOR HABEAS CORPUS - 11

the dictates of the immigration detention statute, it violated due process because the detention was "punishment without the benefit of a trial.") (overruled, in part, by *Denmore v. Kim,* 538 U.S. 510 (2003).

"Due process is not satisfied . . . by rubberstamp denials based on temporally distant offenses." *Oyedeji v. Ashcroft,* 332 F. Supp. 2d 747, 754 (M.D. Penn. 2004) (ordering habeas corpus relief and finding that three misdemeanor shoplifting convictions were insufficient to justify detention) (quoting *Ngo v. INS,* 192 F.3d 390, 398 (3rd Cir. 1999)). To determine whether petitioner's release would create a risk of danger to the community, the IJ must conduct a fact intensive review; this requires that equities must be weighed. *See Torres-Valdivias v. Lynch,* 786 F.3d 1147, 1153 (9th Cir. 2015). Although a criminal record is relevant to the assessment of whether the individual should be released, not all criminal convictions would establish a danger to the community, even if the crimes would be sufficient to warrant removal. *Singh v. Holder,* 638 F.3d 1196, 1206 (9th Cir. 2011). Recency or time elapsed since conviction, seriousness or non-severity of the offense, and extensiveness of criminal activity, are factors to be reviewed. *Id.*

The Court declines to re-weigh the evidence. As a matter of statutory law, there was no violation of 8 U.S.C. 1226(a) as to the IJ's decision about whether petitioner would pose a risk of danger to the community. The record shows the IJ considered the type of offense – a domestic violence assault, and that a child was present during the domestic violence assault. Dkt. 3-10 at 5. This is sufficient under the statutory criteria and the IJ provided sufficient clarity of reasoning.

As for risk of flight, the IJ's decision is devoid of reasoning or application of law to

ORDER GRANTING PETION FOR HABEAS CORPUS -
12

fact. The IJ's decision on risk of flight relies only on the fact that at some point in 2003 petitioner entered the United States from Mexico and reliance on this fact does not constitute "draw[ing] reasonable inferences from basic facts to ultimate facts," nor does the recitation of this fact as a basis for finding risk of flight provide "a minimum degree of clarity in dispositive reasoning and in the treatment of a properly raised argument". *Delgado v. Holder,* 648 F.3d 1095, 1107 (9th Cir. 2011) (quoting *Su Hwa She v. Holder,* 629 F.3d 958, 963 (9th Cir. 2010).

**E.      Appropriate Remedy**

Federal courts have "a fair amount of flexibility" in fashioning specific habeas relief. *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005).

Under the circumstances, "the Court finds no basis for petitioner's continued detention and concludes immediate release with reasonable conditions of supervision is the appropriate remedy." *Soriano v. Hernandez*, No. 2:26-CV-00900-DGE, 2026 WL 969764, at *6 (W.D. Wash. Apr. 10, 2026) (ordering immediate release where the Court determined the IJ abused his discretion in denying petitioner's bond request at bond hearing); *see Vasquez Lopez v. Hernandez,* No. C26-0775 TSZ, 2026 WL 984151, at *3 (W.D. Wash. Apr. 13, 2026) (finding the IJ abused his discretion in denying bond at the bond hearing and finding the proper remedy to be that "the Court will exercise its discretion to order petitioner's release"); *W.T.M.*, 2026 WL 262583, at *5; *Garcia v. Hyde*, 817 F. Supp. 3d 112, 131, (D.R.I. Dec. 3, 2025) (ordering habeas petitioner's immediate release from custody "[g]iven the due process violations that pervaded his bond hearing[.]"); *Miri v. Bondi*, Case No. 5:26-CV-00698-MEMF-MAR, 2026 WL 622302, at *12 (C.D. Cal. Mar. 5, 2026) (ordering immediate release after finding IJ

ORDER GRANTING PETION FOR HABEAS CORPUS - 13

abused discretion in denying petitioner's request for bond at bond hearing).

**THEREFORE, IT IS ORDERED:**

For the reasons discussed above, the petition for writ of habeas corpus is GRANTED and the Court ORDERS:

1) The Government shall release petitioner from immigration custody on reasonable conditions of supervision within 24 hours of the date and time of issuance of this order.

2) The Government shall file a certification that petitioner has been released from immigration custody within 48 hours of the date and time this order was issued.

3) The Court will consider an appropriate post-judgment motion for attorney's fees.

4) Under the Declaratory Judgment Act, 28. U.S.C. § 2201 et seq., the Court declares the petitioner's continued detention violates procedural and substantive Due Process under the Fifth Amendment, because the IJ failed to place the burden of proof on the government to show by clear and convincing evidence that petitioner was a flight risk, or by clear and convincing evidence that petitioner would be a current and future danger to the community. The detention order of the IJ was therefore an abuse of discretion.

Dated this 9th day of June, 2026.

Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING PETION FOR HABEAS CORPUS - 14